LAW OFFICES OF RON BOCHNER
Ron K. Bochner - 160093
3333 Bowers Avenue, Suite 130
Santa Clara, California 95054
(408) 200-9890
Robolaw@justice.com

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DEANA LEWIS, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>TRANS UNION, LLC and DOES 1 through 500,<br><br>    Defendants.<br>_____/ | Case No.  1:13-CV-00229-LJO-BAM<br><br>OPPOSITION TO MOTION TO DISMISS; REQUEST FOR AMENDMENT OF COMPLAINT<br><br>DATE:     APRIL 17, 2013<br>TIME:      8:30 A.M.<br>DEPT.:     4 |

**OPPOSITION TO INTRODUCTION**

Plaintiff DEANA LEWIS ("Plaintiff") alleges she and other California consumer class members received from defendant credit reporting agency TRANS UNION, LLC ("TU") a document specifically called a "credit report" which contained two separate tradelines for the same account.  Plaintiff properly alleges this is a credit report under the California Consumer Credit Reporting Agencies Act ("CCRAA") and that to represent that a single account reported as two separate accounts is inaccurate.

TU contends the complaint should  be dismissed on its face as what was provided was not

a credit report and the reporting of a single account as two tradelines is not inaccurate as a matter of law.

The fact is, even if the court may take judicial notice of the document TU provided to Plaintiff, Plaintiff obtained the report for the purpose of determining her credit standing in expectation of seeking credit. It served the exact purpose a credit report: to allow a consumer to determine what the status of her credit is. She alleges that reporting one account as two is inaccurate. That should be sufficient to overcome a Motion for Dismissal.

However, if the court can and does find what TU called a "Credit Report" was not a credit report pursuant to California Civil Code section 1785.3 and 1785.14 (see Fair Credit Reporting Act/Fair and Accurate Credit Transactions Act (FCRA) at 15 USC sections 1681a(d)(1), 1681e(b) and 1681j), Plaintiff asks leave to amend to assert that TU and/or others using the rubric "credit report" on the document sent should not be doing so and that the disclosure is incomplete under Civil Code section 1785.10. Such appears to be unlawful under the CCRAA, and the California Unfair Business Practices Act, Business and Professions Code section 17200, et seq. ("UCL").

**OPPOSITION TO FACTUAL ALLEGATIONS**

The factual allegations are found in the complaint. TU's characterization and interpretations of them are irrelevant and not judicially noticeable in the context of this Motion. In short, Plaintiff alleges TU sent her a credit report suggesting and having the effect of two separate accounts when she only had one and that is inaccurate. See Complaint, Para. 3.

**ARGUMENT**

A.   **STANDARD ON MOTION TO DISMISS**

Rule 12(b)(6) motions have traditionally been "viewed with disfavor and rarely granted." *Broam v. Bogan*, 320 F3d 1023, 1028 (9th Cir. 2003). The complaint is to be construed liberally. *Barker v. Riverside Co.*, 584 F3d 821, 824 (9th Cir. 2009) meaning the allegations are to be taken as true, as are all inferences from those allegations. Motions to Dismiss in cases raising novel legal theories are "especially disfavored" as they can "best be assessed after factual development." *Baker v. Cuomo*, 58 F3d 814, 818-19 (2nd Cir. 1995); *McGary v. Portland*, 386 F3d 1259, 1270

LAW OFFICE OF RON BOCHNER
3333 Bowers Ave., Suite 130, Santa Clara, CA 95054 (408) 200-9890

2

(9th Cir. 2004).

Any defect must appear on the face of the pleading and the court cannot consider materials outside the complaint. ***Arpin v. Santa Clara Valley Transportation Agency***, 261 F3d 912, 925 (9th Cir. 2001). While a document referred to in a complaint may be attached to a 12(b)(6) motion to show it does not support the plaintiff's claim, ambiguities in such documents must be resolved in plaintiff's favor. ***International Audio-Text Network v. AT&T***, 62 F3d 69, 72 (2nd Cir., 1995); ***Starr v. Baca***, 652 F3d 1202, 1216 (9th Cir. 2011). Matters subject to judicial notice may also be considered. However, only a document's existence not what it means is the subject of judicial notice. FRE 201.

B. **A Consumer Report Is Alleged and Not Refuted By TU's Attachment**

TU initially asserts as to the First Cause of Action that Plaintiff's allegations fail under Civil Code section 1785.14 because she did not allege TU communicated any consumer report to a third party, citing Civil Code section 1785.3 and its definition of consumer credit report.

California Civil Code section 1785.3, like 15 USC 1681a(d)(1), provides:

> "Consumer credit report" means any written, oral, or other communication of any information by a consumer credit reporting agency ***bearing on*** a consumer's credit worthiness, credit standing, or credit capacity, ***which is used or is expected to be used***, or collected in whole or in part, ***for the purpose of serving as a factor in establishing*** the consumer's eligibility for: (1) credit to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) hiring of a dwelling unit, as defined in subdivision (c) of Section 1940, or (4) other purposes authorized in Section 1785.11.

Plaintiff did allege a credit report with inaccurate items. See Complaint para. 3. First, TU cites and attaches the report/disclosure in support of its motion.

1. **TU's Attachment Itself Indicates It Is A Credit Report**

First, the fact is that a credit report is confirmed, not contradicted, by the attachment TU provides. The attachment clearly indicates that the document is a credit report. See TU's own case citation, ***Baker v. Trans Union***, 2010 WL 2104622 * 4 (D. Az May 25, 2010), citing ***Guimond v. Trans Union***, 45 F3d 1329, 1333 (9th Cir., 1995) [to make out a prima facie 1681e(b) case (equivalent of a Civil Code section 1785.14) need only show a credit reporting agency prepared a report containing inaccurate information] shows a prepared report.

3

### 2. **Third Party Communication Is Not An Element of The Claim**

Second, the language of 1785.14 and 1785.3(c) does not seem particularly helpful to TU's theory that communication to a third party is necessary. While 1785.14 uses the term "consumer credit reports" and 1785.3(c) defines them, clearly what TU attached is precisely something "bearing on a consumer's credit worthiness, credit standing or credit capacity." Moreover, the report was expected to be used by Plaintiff to determine her eligibility for credit. There is nothing in that language about third parties, hence TU's reliance on a need of direct communication from it to a third party seems unwarranted by the plain language of either 1785.14 nor 1785.3. Indeed, again, TU's own cited case, *Baker v. Trans Union, supra*, *4, explicitly says just the opposite is true:

> Trans Union contends that publication of the inaccurate information to a third party is a required element of the claim, but the Court is aware of no Ninth Circuit authority to that effect. To the contrary, the Ninth Circuit has indicated that transmission of the report to third parties is not a prerequisite to establishing liability under § 1681e(b). *See Guimond*, 45 F.3d at 1333.

Rather, the plain language indicates only that the report is expected to be used by no one in particular as a factor in establishing the eligibility for credit, employment, or renting a home. It does not say by whom or that it must be directly provided to a third party. While cases and agencies suggest there is such a distinction to be made are cited, none regard the CCRAA, none analyze a case where the disclosure explicitly calls itself a credit report and nowhere does TU even attempt to explain why, if what is being provided is a disclosure rather than a credit report, the words "credit report" are emblazoned on the disclosure rather than the words "credit file disclosure." Most importantly, TU simply ignores *Baker* citing *Guimond* which appears to be the binding authority in this jurisdiction.

### 3. **The FCRA Indicates The Disclosure Is A Report**

Third, the specific federal statute covering free annual disclosures, 15 USC 1681j, specifically calls such disclosures "consumer reports" at 1681j(a)(2) ["A consumer reporting agency shall provide a **consumer report** under paragraph (1) not later than 15 days after the date on which the request is received under paragraph (1)."]. "Consumer reports" as defined by the

Fair Credit Reporting Act (15 USC section 1681a(d)(1)) is practically the equivalent of "Consumer Credit Report" under Civil Code section 1785.3. While it could be argued that Paragraph (1) refers to file disclosures per 1681g, the better and more consistent argument with TU's language on what was disclosed to plaintiff itself, and *Baker* and *Guimond*, is that the terms "consumer report," "consumer credit report" and "file disclosures" are meant to have the accuracy requirements set forth by Civil Code section 1785.14 (and 15 USC 1681e(b)). The failure to assure such accuracy is a violation of the Act.

### 4. The Fact That Reinvestigation Is Available After Disclosure Indicates A Credit Report Is Being Provided

Fourth, this interpretation is buttressed by the fact that "reinvestigations" (Civil Code section 1785.16, 15 USC 1681i) are allowed upon dispute of disclosure of credit files (Civil Code section 1785.15(f), 15 USC 1681g(c)(iii)), but a reinvestigation is precisely called a "reinvestigation" because the credit reporting agencies are deemed to have already investigated by deploying the "reasonable procedures to assure maximum possible accuracy" found in 1785.14 (and 15 USC section 1681e(b)). See *Burke v. Experian*, 2011 WL 108574, *4 (ED Va. 3-18-2011). Otherwise, the disclosure would be of limited or no importance to a consumer since its accuracy and hence the consumer's ability to rely upon it could not be assured on any meaningful level.

Indeed, if one gives it some thought, one wonders what the purpose of the credit file disclosure could possibly be if TU is right and the disclosure is not meant to be a credit report per 1785.14. 1785.14 mandates that a credit reporting agency use "reasonable procedures to assure maximum possible accuracy" when creating a credit report. When it creates a credit file disclosure, just what is it creating? Isn't there a suggestion that the disclosure/credit file is accurate or meant to be? That its accuracy can or should be relied upon by person receiving the disclosure? If there isn't, what purpose does it serve? The reality is that the disclosure is meant to be and is a credit report-a representation of the consumer's credit standing and worthiness. It is intended to have the consumer, or anyone she may share it with, rely on it for just that purpose. If

LAW OFFICE OF RON BOCHNER
3333 Bowers Ave., Suite 130, Santa Clara, CA 95054 (408) 200-9890

1  it isn't, shouldn't it so warn?  That the disclosure is not intended to be relied upon to be an
2  accurate reflection of a consumer's credit standing or worthiness?  What purpose would the
3  disclosure serve then?  The court should note the plain language of 1785.3, *Baker* and *Guimond*
4  and find the disclosure is just what TU calls it--a credit report and should be so treated.  This
5  means the credit reporting agency should be held to assure it is accurate.

6       C.     **There Is Not And Cannot Be A Showing That The Disclosure Is Accurate As**
7              **A Matter of Law**

8       TU next argues that as a matter of law, there can be no assertion that the two entries are
9  inaccurate.  The basis for this assertion its conclusion that "the two entries together reflect
10 different stages in the life cycle of Plaintiff's debt."  And so?  Does that make them two different
11 accounts as they are reflected in the disclosure/report?  Can the Court say that as a matter of law?
12 It cannot say that even as a matter of *fact* and Plaintiff is informed this would not be the way it is
13 construed by credit scoring companies or others reading it.  See 3 Hendricks, *Credit Scores &*
14 *Credit Reports*, pages 21, 94.  Instead, it is deemed that Plaintiff is doubly delinquent on two lines
15 of credit in twice the amount that was ever purported to be owed–"charged off" means "still owes
16 and never paid."  *Id.* at 92 [". . . "charge off" is a bookkeeping term used to indicate the date the
17 creditor reports it as a loss on their business taxes; if it gets paid, it then gets reported as
18 "recovery.""].  This is not accurate and, as TU must now be deemed to acknowledge, and its
19 systematic policy to allow one account to be reported as two is facially inaccurate.  Moreover,
20 nowhere can or does TU explain why the different stages of the life cycle of a single account
21 should be reported with two different tradelines.  Nor does it begin to suggest what effect it will
22 have on anyone reading it to determine a consumer's credit worthiness.

23      D.     **The Declaratory Relief Cause of Action is Not Redundant**

24      TU next suggests Declaratory Relief would be redundant of the other causes alleged.  It is
25 not.  Declaratory relief only asks the court to determine a controversy between two parties.  It
26 does not mandate that a plaintiff show or prove damages or other elements of a cause of action.
   Hence, if some or all of the other causes fail, the Declaratory Relief action could stand alone.

LAW OFFICE OF RON BOCHNER
3333 Bowers Ave., Suite 130, Santa Clara, CA 95054 (408) 200-9890

Moreover, declaratory relief causes of action are singularly inappropriate for adjudication on a Motion to Dismiss. As explained by California first and secondary authorities:

> ". . . to dismiss the action after sustaining a demurrer would leave the parties where they were, with no binding determination of their rights, to await actual breach and ensuing litigation. This would defeat a fundamental purpose of declaratory relief, to remove uncertainties about legal rights and duties before breach and without the risks and delays that it involves. In brief, the object of declaratory "relief" is not necessarily a beneficial judgment; rather, it is a determination, favorable or unfavorable, that enable the plaintiff to act with safety. This theory has prevailed, and the rule is now established that the defendant cannot, on demurrer, attack the merits of the plaintiff's claim. The complaint is sufficient if it shows an actual controversy; it need not show the plaintiff is right.

See Witkin, **Summary of California Law, Procedure** section 877, citing **Lockheed Martin v. Continental Insurance** (2005) 134 Cal.App.4th 187, 221. **McGuire v. Hibernia Saving** (1944) 23 Cal.2d 719, 729 ["To hold that a plaintiff on the wrong side of a controversy is not entitled to the security and relief against uncertainty which a declaratory judgment affords would require us to read into the statute a limitation not there present."]; **Sullivan v. San Francisco Art Assn.** (1950) 101 Cal.App.2d 449, 455 ["For that is what a declaratory relief action is about, to determine and declare the respective rights and duties of the parties, at the end, not the beginning, of the inquiry."]. **Qualified Patients Assn. v. Anaheim** (2010) 187 Cal.App.4th 734, 756. The court should not order Dismissal on a Declaration not yet made.

E.    **Plaintiff Asks Leave to Amend If Any Claim Should Be Found Inadequate**

Leave to amend is routinely granted if a defect in a complaint can be corrected. FRCP 15a; **US v. Corinthian Colleges**, 655 F3d 984, 995 (9th Cir. 2011). Here, it seems clear that even if TU is correct and the disclosure marked as a "credit report" is not a credit report and does not come within the purview of the 1785.14, then it is a misrepresentation for TU (or others) to call it a credit report and thereby suggest consumers should rely upon it (and its accuracy) as such. Moreover, it appears to be incomplete as a disclosure. See **Baker, supra** at *7. This would seem to give rise to other causes of action, including Civil Code section 1785.10 and 1681g. Plaintiff asks leave to amend if such is the case.

//

//

LAW OFFICE OF RON BOCHNER
3333 Bowers Ave., Suite 130, Santa Clara, CA 95054 (408) 200-9890

**CONCLUSION**

The Motion should be denied. If not denied, leave to amend should be allowed.

April 3, 2013                             LAW OFFICE OF RON BOCHNER


BY /s/
RON K. BOCHNER
Attorney for Plaintiff