# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANA LEWIS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC and DOES 1-500,<br><br>Defendants. | 1:13-CV-00229-LJO-BAM<br><br>**ORDER ON MOTION TO DISMISS**<br>(Doc. 7) |

**PRELIMINARY STATEMENT TO PARTIES AND COUNSEL**

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to consider consent to a Magistrate Judge to conduct all further proceedings in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill who must prioritize criminal and older civil cases.

**INTRODUCTION**

Plaintiff Deana Lewis ("Lewis") brought this purported class action for violation of the California Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1 et seq., against defendant Trans Union, LLC ("TransUnion") in Fresno County Superior Court. TransUnion removed

1

this action to this Court and filed the instant motion to dismiss Lewis' complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons discussed below, this Court GRANTS with leave to amend TransUnion's motion to dismiss Lewis' complaint.

## BACKGROUND

### A. Lewis' Allegations

On or around July 28, 2012, Lewis received a document entitled "Your Credit Report" from TransUnion that shows an entry for an account with "Sears/CBNA" and another entry for an account with "LVNV Funding LLC." By matching data fields, Lewis determined that those two accounts represent the same debt.

Lewis alleges that such "double reporting" of the same account demonstrates that TransUnion does not have in place "reasonable procedures to assure maximum possible accuracy of the information" in its credit reports in violation of the CCRAA § 607(b), Cal. Gov. Code 1785.14(b). Lewis further alleges that such "double reporting" is routine and systematic and occurs in many California consumers' credit reports.

Lewis purports to bring this action on behalf of all California consumers who have been subject to such errors as a result of TransUnion's alleged noncompliance with CCRAA § 607(b). Lewis seeks actual and statutory damages as well as attorney's fees and brings a separate cause of action for declaratory and injunctive relief.

### B. Procedural History

On January 4, 2013, Lewis brought this action in the Fresno County Superior Court. TransUnion timely removed this action to this Court on February 13, 2013 on the basis of diversity jurisdiction. On February 20, 2013, TransUnion filed the instant motion to dismiss Lewis' complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Lewis filed an opposition April 3, 2013, and TransUnion filed a reply on April 10, 2013.

## DISCUSSION

### Motion to Dismiss

### A. Standard under Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of

the allegations set forth in the complaint. A dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Ail. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility for entitlement to relief" *Id*. (citing *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions ... amount[ing] to nothing more than a formulaic recitation of the elements ... are not entitled to be assumed true." *Iqbal*, 129 S.Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).

Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D.Cal. 1998). In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to

sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**B.      Analysis**

      1.      **First Cause of Action: Violation of the CCRAA**

Based on TransUnion's alleged double-reporting of an account on the credit document that it sent to her, Lewis claims that TransUnion violated CCRAA § 607(b) which requires credit reporting agencies to follow "reasonable procedures to assure maximum possible accuracy of the information" in a credit report. Cal. Civ. Code § 1785.14(b). TransUnion argues that Lewis' complaint is subject to dismissal because the document it sent to her was not a "consumer credit report" as required for § 607(b) to apply. TransUnion further argues that Lewis' complaint fails to allege facts showing the inaccuracy of the information contained in the credit document and therefore fails to state claim under CCRAA § 607(b), Cal. Civ. Code § 1785.14(b).

The Ninth Circuit has recognized that, "because the CCRAA is substantially based on the Federal Fair Credit Reporting Act ["FCRA"], judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (citing *Olson v. Six Rivers Nat'l Bank*, 111 Cal.App.4th 1, 3 (2003)). In particular, both the CCRAA and the FCRA contain provisions requiring credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information" in preparing consumer credit reports. Cal. Civ. Code § 1785.14(b); 15 U.S.C.A. § 1681e.

In order to make out a prima facie violation under the parallel provision of the FCRA, 15 U.S.C.A. § 1681e(b), a plaintiff must make allegations "to show that a credit reporting agency prepared a report containing inaccurate information."[1] *Guimond v. Trans Union Credit Info. Co.*, 45

---

[1] Because this Court finds Lewis' failure show that the inaccuracy of the credit document to be dispositive, it need not consider whether the document at issue is a "report" or "disclosure" or whether that distinction affects the applicability of the FCRA or CCRAA provisions at issue.

4

F.3d 1329, 1333 (9th Cir. 1995) (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)). In in *Gorman v. Wolpoff & Abramson, LLP*, the Ninth Circuit determined that information in a credit report may be "inaccurate or incomplete" within the meaning of the FCRA's furnisher investigation provision if it is "patently incorrect" or "materially misleading." 584 F.3d 1147, 1163 (9th Cir. 2009). The Ninth Circuit also has construed the CCRAA provision at issue to convey "a very similar concept of inaccuracy" to "inaccurate or incomplete" within the meaning of the FCRA's furnisher investigation provision. *Carvalho*, 629 F.3d at 890. Accordingly, in considering whether Lewis sufficiently alleged that the credit document was inaccurate within the meaning of the CCRAA, this Court looks to the "patently incorrect or materially misleading" standard as articulated in *Gorman*. *Carvalho*, 629 F.3d at 890-91 (citing *Gorman*, 584 F.3d at 1163). "If [the plaintiff] fails to satisfy this initial burden, [she], as a matter of law, has not established a violation of § 607(b), and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency." *Cahlin*, 936 F.2d at 1156.

Lewis does not dispute that the information contained in the credit document issued by TransUnion is factually accurate. She also does not allege that the information is incomplete. Rather, she argues that the manner in which TransUnion reported the information is misleading. Specifically, Lewis alleges that TransUnion's reporting Lewis' debt with Sears as two entries in the credit document misrepresents Lewis as owing two different debts in that amount and is therefore misleading.

In *Gorman*, the Ninth Circuit determined that reported credit information is "materially misleading" if it is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." 584 F.3d at 1163. In Lewis' credit document, TransUnion reported the debt at issue in two entries located one entry apart on the same page.[2] The same account number is listed in the titles of both entries. The entry showing the account with "SEARS/CBNA" states that the account

---

[2] Lewis submitted no exhibits or documents in support of her complaint. TransUnion submitted as an exhibit and requested judicial notice of selected pages of the credit document at issue. Lewis argues that the Court may take judicial notice only as to the document's existence. The Ninth Circuit has instructed that a "court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint . . . for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Lewis' complaint references and entirely relies on this credit document. Lewis also does not dispute the authenticity of the copy. Further, TransUnion alleges and Lewis does not dispute that TransUnion's submitted copy of the credit document was provided to TransUnion by Lewis' counsel. Therefore, this Court perceives no obstacles to considering TransUnion's Exhibit A.

was "PURCHASED BY ANOTHER LENDER."  The entry showing the account with "LVNV FUNDING LLC" states that the "Original Creditor" is "CITIBANK SEARS" and that the "Pay Status" is "Account Paid in Full; was a Collection."  Both entries state the "High Balance" as $3,071.  No lender reviewing this document with due care could reasonably interpret these entries as representing two different debts Lewis accrued to two different lenders in identical amounts such that it "can be expected to adversely affect credit decisions." [3]  *Gorman*, 584 F.3d at 1163.  Rather, the only reasonable interpretation of these entries is that Lewis owed $3,071 to Citibank Sears, the debt was then purchased by LVNV Funding, a collection agency, and LVNV successfully collected the debt from Lewis.  TransUnion alleges and Lewis does not dispute that this is in fact what happened.

Because Lewis failed to make sufficient allegations to show that the credit document she received from TransUnion was "patently incorrect or materially misleading," this Court GRANTS with leave to amend TransUnion's motion to dismiss Lewis' first cause of action for violation of CCRAA § 607(b), Cal. Civ. Code § 1785.14(b).

        2.     **Second Cause of Action: Declaratory and Injunctive Relief**

In her second cause of action, Lewis makes no additional allegations and simply incorporates by reference the allegations in her first cause of action.  Based on this, she requests "a judicial determination of the parties' respective rights and duties, and a declaration as to whether any of the above practices are invalid and, if Plaintiff is correct, a declaration and/[sic] injunction enjoining Defendants from continuing the challenged practices."  TransUnion argues that Lewis' claim for declaratory relief is subject to dismissal as duplicative of her CCRAA claim.  TransUnion also argues that, because Lewis' CCRAA claim fails, her declaratory relief claim also must fail.  Lewis contends that her claim for declaratory relief is a valid stand-alone cause of action.

First, "injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted."  *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F. Supp. 2d 928, 964 (N.D. Cal. 2012) (quoting *Camp v. Bd. of Supervisors*, 123 Cal.App.3d 334, 356 (1981), *Shell Oil Co. v. Richter*, 52 Cal.App.2d 164, 168 (1942)).  Lewis articulates no

---

[3] Compare this with *Heupel V. Trans Union LLC*, where the plaintiff established a prima facie case of inaccurate reporting under FCRA § 607(b), 15 U.S.C.A. § 1681e(b), by TransUnion because the plaintiff "was an obligor on only one Fidelity account, rather than two," and "there is evidence that Trans Union reported two Fidelity accounts with different account numbers, different balances, and different reports of adverse information[.]" 193 F. Supp. 2d 1234, 1239 (N.D. Ala. 2002).

separate cause of action in her second claim for which she seeks injunctive relief. Further, Lewis' request for injunctive relief fails even if the Court construes it as a remedy sought for her first cause of action because the substantive claim is deficient.

In addition, "[g]ranting declaratory relief is committed to the sound discretion of the trial court." *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984). Declaratory relief is only appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986) (quoting *Bilbrey by Bilbrey*, 738 F.2d at 1470). While a claim for declaratory judgment could stand alone as a cause of action, it becomes "duplicative and unnecessary when it is commensurate with the relief sought through other causes of action." *Id*. (quoting *Vogan v. Wells Fargo Bank, N.A*., 2011 WL 5826016, at *8 (E.D. Cal. Nov. 17, 2011)). Further, as this Court has previously explained, "a federal court may decline to address a claim for declaratory relief where the substantive claims would resolve the issues raised by the declaratory action." *Vang Chanthavong v. Aurora Loan Services, Inc*., 448 B.R. 789, 803 (E.D. Cal. 2011) (internal citation omitted). *See also*, *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (per curiam) (affirming the district court's dismissal of a request for a declaration as to defendants' liability for damages sought under other causes of action).

As discussed above, Lewis merely seeks "a declaration as to whether any of the above practices [alleged in her first cause of action] are invalid." Lewis' claim for declaratory relief wholly depends on the Court's findings on her substantive claim and is "entirely remedial in nature rather than pertinent to a stand-alone claim." *McNearly-Calloway*, 863 F. Supp. 2d at 964; *see*, *Vang Chanthavong*, 448 B.R. at 803. Further, Lewis makes no allegations to show that declaratory relief here would "serve a useful purpose in clarifying and settling the legal relations in issue" or "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra*, 783 F.2d at 1376. Therefore, Lewis' cause of action for declaratory relief is unnecessary and duplicative of her claim for violation of the CCRAA.

Because Lewis articulates no cause of action for the requested injunctive relief, and because her claim for declaratory relief merely duplicates her substantive cause of action, this Court GRANTS

with leave to amend TransUnion's motion to dismiss Lewis' second cause of action for declaratory and injunctive relief.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court DISMISSES with leave to amend Plaintiff Deanna Lewis' complaint. Lewis shall have ***one opportunity*** to file and serve an amended complaint in an attempt to cure the deficiencies described herein. Any such amended complaint shall be filed and served within 20 days of electronic service of this order. Defendant TransUnion no later than 20 days after service of the amended complaint shall file a response thereto.

IT IS SO ORDERED.

Dated: **April 16, 2013**  /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE