# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANA LEWIS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC and DOES 1-500,<br><br>Defendants. | 1:13-CV-00229-LJO-BAM<br><br>**ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br>(Doc. 16) |

## INTRODUCTION

Plaintiff Deana Lewis ("Lewis") brought this purported class action for violation of the California Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1 et seq., against defendant Trans Union, LLC ("TransUnion") in Fresno County Superior Court. TransUnion removed this action to this Court. This Court granted with leave to amend TransUnion's motion to dismiss Lewis' original complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. Lewis filed a first amended complaint and also alleged parallel causes of action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. For the reasons discussed below, this Court GRANTS without leave to amend TransUnion's motion to dismiss Lewis' first amended complaint.

## BACKGROUND

**A.   Lewis' Allegations**

The alleged facts remain largely unchanged from Lewis' original complaint.

On or around July 28, 2012, Lewis received a document entitled "Your Credit Report" from

TransUnion that shows an entry for an account with "Sears/CBNA" and another entry for an account with "LVNV Funding LLC." By matching data fields, Lewis determined that those two accounts represent the same debt.

Lewis again alleges that such "double reporting" of the same account demonstrates that TransUnion does not have in place "reasonable procedures to assure maximum possible accuracy of the information" in its credit reports in violation of the CCRAA, Cal. Gov. Code 1785.14(b). In her amended complaint, Lewis also alleges that this violates the parallel provision of the FRCA, 15 U.S.C. § 1681e, as well as TransUnion's duty to disclose accurately under § 1681j. Lewis further alleges that such "double reporting" is routine and systematic and occurs in many California consumers' credit reports.

Lewis purports to bring this action on behalf of all consumers who have been subject to such errors as a result of TransUnion's alleged noncompliance with the CCRAA and the FCRA as well as all persons who have received a credit document like the July 2012 credit document from TransUnion where TransUnion has denied that the credit document is a "credit report" within the meaning of the FCRA and the CCRAA. Lewis defines the class period as two years before the filing of her complaint to the present and in the future. Lewis seeks actual and statutory damages as well as attorney's fees and brings separate causes of action for declaratory and injunctive relief.

### B. Procedural History

On January 4, 2013, Lewis brought this action in the Fresno County Superior Court. TransUnion timely removed this action to this Court on February 13, 2013 on the basis of diversity jurisdiction. On April 17, 2013, this Court granted with leave to amend TransUnion's motion to dismiss Lewis' original complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Lewis filed a first amended complaint on May 7, 2013. TransUnion filed the instant motion to dismiss Lewis' amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) on May 24, 3013. Lewis filed an opposition on June 14, 2013, and TransUnion filed a reply on June 24, 2013.

## DISCUSSION

**Motion to Dismiss**

**A.     Standard under Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Ail. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility for entitlement to relief" *Id.* (citing *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions ... amount[ing] to nothing more than a formulaic recitation of the elements ... are not entitled to be assumed true." *Iqbal*, 129 S.Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (internal citation omitted).

Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student*

*Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D.Cal. 1998). In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

**B. Analysis**

    1. **Violations of the CCRAA and FCRA**

Based on TransUnion's alleged double-reporting of an account on the credit document that it sent to her, Lewis again claims that TransUnion violated the CCRAA provision requiring credit reporting agencies to follow "reasonable procedures to assure maximum possible accuracy of the information" in a credit report. Cal. Civ. Code § 1785.14(b). Lewis also claims in her first amended complaint that this violated the parallel provision in the FCRA. 15 U.S.C.A. § 1681e.[1] TransUnion argues that Lewis' complaint again fails to allege facts showing the inaccuracy of the information contained in the credit document and therefore fails to state claims under the CCRAA and FCRA provisions. TransUnion further argues that Lewis' complaint is subject to dismissal because the document it sent to her was not a "consumer credit report" as required for the CCRAA and FCRA provisions to apply.

As discussed in this Court's previous order, to make out a prima facie violation under the parallel provisions of the FCRA and the CCRAA at issue, a plaintiff must make allegations "to show that a credit reporting agency prepared a report containing inaccurate information."[2] *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)). In *Gorman v. Wolpoff & Abramson, LLP*, the Ninth Circuit determined that information in a credit report may be "inaccurate or incomplete" within the meaning of the FCRA's furnisher investigation provision if it is "patently incorrect" or "materially misleading." 584 F.3d 1147, 1163 (9th Cir. 2009). The Ninth Circuit also has construed the CCRAA

---

[1] Lewis additionally purports to assert a negligence cause of action under the FCRA 15 U.S.C. § 1681j for TransUnion's breach of its duty to supply an accurate annual disclosure. Lewis cites to and this Court can find no authority providing for a cause of action for alleged inaccuracy of disclosure under this provision. Further, even if such a claim exists, the Court finds that Lewis again fails to allege sufficiently that the document TransUnion provided was inaccurate.

[2] Because this Court again finds Lewis' failure to show the inaccuracy of the credit document to be dispositive, it need not consider whether the document at issue is a "report" or "disclosure" or whether that distinction affects the applicability of the FCRA or CCRAA provisions at issue.

provision at issue to convey "a very similar concept of inaccuracy" to "inaccurate or incomplete" within the meaning of the FCRA's furnisher investigation provision. *Carvalho*, 629 F.3d at 890. Accordingly, in considering whether Lewis sufficiently alleged that the credit document was inaccurate within the meaning of the FCRA and the CCRAA, this Court again looks to the "patently incorrect or materially misleading" standard as articulated in *Gorman*. *Carvalho*, 629 F.3d at 890-91 (citing *Gorman*, 584 F.3d at 1163). "If [the plaintiff] fails to satisfy this initial burden, [she], as a matter of law, has not established a violation of [FCRA] § 607(b), and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency." *Cahlin*, 936 F.2d at 1156.

Lewis again alleges, based on the July 2012 credit document, that TransUnion's reporting Lewis' debt with Sears as two entries in the credit document is misleading.

In *Gorman*, the Ninth Circuit determined that reported credit information is "materially misleading" if it is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." 584 F.3d at 1163. This Court previously found that Lewis' original complaint failed to allege sufficiently that the July 2012 credit document is "materially misleading." In an attempt to cure that deficiency in her amended complaint, Lewis provides 1) a more detailed description of the July 2012 credit document, 2) citations to a report by the FTC on the accuracy of credit reports, and 3) a quotation from a book by a purported "credit reporting expert."

First, Lewis' additional description of the July 2012 credit document is consistent with and adds nothing to the exhibit previously submitted by Defendants and analyzed by the Court in its order on Defendants' motion to dismiss Lewis' original complaint.

Lewis' reliance on the FTC report is also unavailing. The report, which covers two pilot studies performed by universities, utilized its own definition of "potentially material errors" in assessing the accuracy of credit reports on a national level. It did not mention or purport to follow the FCRA or the CCRAA's definition of "inaccurate or incomplete." *Carvalho*, 629 F.3d at 890. The FTC report does, however, highlight the notice, investigation, and reinvestigation duties of credit information furnishers and users. In fact, the study participants used the FCRA dispute process to redress apparent inaccuracies in their credit reports. The report did not study the effectiveness of

improving credit report accuracy through lawsuits by consumers who never disputed or even notified a credit reporting agency of an inaccuracy in a credit document.

Finally, Lewis' citation to a statement by a "credit reporting expert" fails to save her amended complaint from dismissal. On its face, the statement has no relation to any statutory guidelines on credit reporting accuracy or to industry standards on evaluation of credit report information. Moreover, the statement is improperly submitted as an expert opinion. *See*, Fed. R. Evid. 702.

Therefore, Lewis' complaint again fails to allege sufficiently that the July 2012 credit document was "incomplete or inaccurate" within the meaning of the FCRA and the CCRAA. Rather, as this Court previously found, the only reasonable interpretation of the entries at issue is that Lewis owed $3,071 to Citibank Sears, the debt was then purchased by LVNV Funding, a collection agency, and LVNV successfully collected the debt from Lewis" [3] TransUnion alleges and Lewis does not dispute that this is in fact what happened.

Because Lewis again fails to make sufficient allegations to show that the credit document she received from TransUnion was "patently incorrect or materially misleading," this Court GRANTS without leave to amend TransUnion's motion to dismiss Lewis' causes of action for violation of the CCRAA the FCRA. *Gorman*, 584 F.3d at 1163.

2. **Declaratory and Injunctive Relief**

Lewis also seeks either a declaration that credit documents such as the July 2012 credit document from TransUnion are credit reports within the meaning of the CCRAA and the FCRA or, in the alternative, to enjoin TransUnion from labeling such documents as "credit reports." TransUnion argues that Lewis' claim for declaratory relief is subject to dismissal as duplicative of her CCRAA and FCRA claims. TransUnion also argues that, because Lewis' CCRAA and FCRA claims fail, her declaratory relief claim also must fail.

"Granting declaratory relief is committed to the sound discretion of the trial court." *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984). Declaratory relief is only appropriate "(1)

---

[3] Again, compare this with *Heupel V. Trans Union LLC*, where the plaintiff established a prima facie case of inaccurate reporting under FCRA § 607(b) by TransUnion because the plaintiff "was an obligor on only one Fidelity account, rather than two," and "there is evidence that Trans Union reported two Fidelity accounts with different account numbers, different balances, and different reports of adverse information[.]" 193 F. Supp. 2d 1234, 1239 (N.D. Ala. 2002).

6

when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986) (quoting *Bilbrey by Bilbrey*, 738 F.2d at 1470).

A determination by this Court of whether the July 2012 document is a credit report within the meaning of the CCRAA and the FCRA would not relieve the "uncertainty, insecurity and controversy giving rise to the proceeding." *Id*. Lewis alleged deficient claims against TransUnion, this Court granted her one opportunity to cure the deficiencies in her claims, and she has failed to do so. Lewis' allegations against TransUnion, the "controversy giving rise to the proceeding," are insufficient and subject to dismissal independent of whether the July 2012 credit document is a credit report within the meaning of the CCRAA and the FCRA.

Further, because this Court makes no determination as to whether documents such as the July 2012 credit documents are credit reports within the meaning of the CCRAA and the FCRA, this Court declines to enjoin TransUnion from labeling such documents as "Your Credit Report" or "Personal Credit Report."

As with her substantive CCRAA and FCRA claims, Lewis again fails to cure the deficiencies in her claims for declaratory and injunctive relief. Therefore, this Court GRANTS without leave to amend TransUnion's motion to dismiss Lewis' causes of action for declaratory and injunctive relief.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court GRANTS without leave to amend Defendant Trans Union, LLC's motion to dismiss Plaintiff Deanna Lewis' first amended complaint. This Court DIRECTS the clerk to enter judgment in favor of Defendant Trans Union, LLC and against Plaintiff Deana Lewis and to close this action.

IT IS SO ORDERED.

Dated: **July 8, 2013**          **/s/ Lawrence J. O'Neill**
                                 UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28